UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

UNITED STATES OF AMERICA          )
                                  )
v.                                )          NO. 2:04-CR- 7 3
                                  )
ROBERT WILLIAM BELFIELD           )

## O R D E R

This supervised release revocation matter came before the Court on June 5,

2006, for a hearing in regard to whether or not the defendant has violated the conditions

of his supervised release, and therefore, should the defendant's term of supervised release

be revoked. On February 9, 2006, the defendant was placed on supervised release for five

(5) years.

The defendant stipulated that he violated the terms of supervised release by

the following:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **General Condition:**    While on supervised release, the defendant shall not commit another federal, state or local crime. |
| | The defendant committed the offense of Driving Without a Valid License |

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **General Condition**: While on supervised release, the defendant shall not commit another federal, state, or local crime. |

The defendant cashed a check for 553.13 at Wal-Mart, Bristol, Tennessee, on March 7, 2006. He passed a second check for 553.13 on March 9, 2006 at the same location. Both checks failed to clear the bank and the loss to Wal-Mart was 1,106.26. The defendant was questioned by Detective Danny Farmer, Bristol Police Department, and provided two differing statements. He eventually repaid Wal-Mart for both checks, in addition to paying \$30.00 fees on each check. Although no charge was placed in Sullivan County, the defendant committed the act of passing bad checks in violation of the General Condition.

| | |
|---|---|
| 3 | **General Condition:** While on supervised release, the defendant shall not commit another federal, state, or local crime. |

The defendant has violated 18 U.S.C. § 1001 in that the supervision report for the month of March 2006 indicated cash inflows of \$553.13, when it was later determined the defendant cashed two checks for that amount at Wal-Mart.

| | |
|---|---|
| 4 | **Standard Condition # 2:** The defendant shall submit a truthful and complete written report within the first five days of each month. |

The defendant failed to submit a supervision report for the month of March 2006 within the first five days of April.

| | |
|---|---|
| 5 | **Standard Condition # 3:** The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. |

The defendant failed to answer truthfully questions posed to him regarding driving without a license and his plans to obtain a valid license.

2

| Violation Number | Nature of Noncompliance |
|---|---|
| 6 | **Standard Condition # 6:** The defendant shall notify the probation officer ten days prior to any change in residence or employment.<br><br>On or about April 27, 2006, the defendant moved to 73 Came Sharp Road, Leicester, North Carolina 28748 without notifying his probation officer. |

The defendant also stipulated that his revocation range is from eight (8) to fourteen (14) months. His statutory maximum is thirty-six (36) months. In view of the fact that the defendant admittedly violated the terms of his supervised release in less than one month after he was released from his period of incarceration, based upon his extensive criminal record, because his previous twenty-four (24) month sentence did not get his attention, and because he committed the underlying offense in this case while he was on probation, the Court FINDS that thirty-six (36) months would be a reasonable sentence in this case. However, the Court will sentence the defendant within his revocation range with a term of supervised release to monitor his payment of restitution.

The defendant is put on notice that if he violates any other of terms of his supervised release, he will be sentenced to the highest sentence that the Court can impose.

Based upon the defendant's stipulation, the Court **FINDS** that he has violated the terms of his supervised release, and it is hereby **ORDERED** that his term of

3

supervised release is **REVOKED,** and he is sentenced to serve a term of eleven (11)

months in custody of the Bureau of Prisons. Following the service of this sentence, he

will be placed on a term of supervised release of four (4) years. During this term of

supervised release he will be subject to the thirteen standard conditions of supervision

imposed in Local Rule 83.10 as well as the following special conditions:

> 1. The defendant shall participate in a program of testing and
> treatment for drug and/or alcohol abuse as directed by the
> probation officer until such time as the defendant is released
> from the program by the probation officer.
>
> 2. The defendant shall pay restitution to the victim identified
> in the presentence report, in the amount of $34,147.18, less any
> sums paid to date. Interest is waived on the restitution. Any
> balance toward the restitution which remains unpaid at the time
> of commencement of supervised release shall be paid in
> monthly installments, at the rate of at least 10 percent (10%) of
> his monthly gross income.
>
> 3. The defendant shall provide the probation officer with
> access to any requested financial information.
>
> 4. The defendant shall not incur new credit charges, or open
> additional lines of credit, without permission of the probation
> officer, until the $34,147.18 has been paid in full.
>
> The defendant shall not possess a firearm as defined in 18
> U.S.C. § 921.
>
> The defendant shall cooperate in the collection of DNA as
> directed.

It is hereby **ORDERED** that the defendant is **REMANDED** to the custody

of the United States Marshal.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE